| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 4:17-CR-41 |
| § | |
| BRUCE ALLEN RUTHERFORD § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Bruce Allen Rutherford's ("Rutherford") Motion for Leave to Appeal In Forma Pauperis ("IFP") (FED. R. APP. P. 24(a)(1)) (#111). On September 4, 2020, the court denied Rutherford's Request for Factual Evidence Pursuant to Federal Rule of Civil Procedure 52(a)(5) (#106). On September 15, 2020, Rutherford filed a notice of appeal, which is pending before the United States Court of Appeals for the Fifth Circuit, No. 20-40619. On September 23, 2020, Rutherford filed the instant motion. Although Rutherford states that he has attached an affidavit showing that he is unable to pay fees or give security under 28 U.S.C. § 1915(a)(1), no such document is attached to his motion.

Under certain circumstances, the court may grant a party leave to proceed on appeal without prepaying or giving security for fees and costs. 28 U.S.C. § 1915(a); FED. R. APP. P. 24(a). To proceed IFP, a prisoner must submit an affidavit that includes a statement of all assets he possesses demonstrating his inability to prepay or give security for fees and that states the nature of the appeal and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner who seeks to proceed IFP must also submit a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal. *Id.* § 1915(a)(2). If granted leave to proceed IFP, a prisoner is still obligated to pay the full amount of the filing fee over time, when funds exist, through an initial partial filing

fee and monthly installments withdrawn from the prisoner's account. *Id.* § 1915(b)(1), (2); *Hawes v. Stephens*, 964 F.3d 412, 417 (5th Cir. 2020). A prisoner may proceed IFP on appeal only if he is economically eligible and presents a nonfrivolous issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An issue is not frivolous if it involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Here, Rutherford has not attached a certified copy of his trust fund account statement or institutional equivalent for the 6-month period immediately preceding the filing of the notice of appeal, as required under 28 U.S.C. § 1915(a)(1) or (a)(2). Rutherford also does not present a nonfrivolous issue for appeal. Accordingly, Rutherford's Motion for Leave to Appeal IFP (FED. R. APP. P. 24(a)(1)) (#111) is DENIED.

SIGNED at Beaumont, Texas, this 23rd day of September, 2020.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE