|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA § 
§
*versus* § CASE NO. 4:17-CR-41
§
BRUCE ALLEN RUTHERFORD §

## MEMORANDUM AND ORDER

Pending before the court are Defendant Bruce Allen Rutherford's ("Rutherford") Expedited Motion for Compassionate Release (#117) and Application to Proceed Without Prepayment of Fees (#113). Also before the court is Rutherford's *pro se* Motion to Dismiss Indictment (#115). Having considered the motions, the Government's response (#118), the record, and the applicable law, the court is of the opinion that the motions should be denied.

I.    Compassionate Release

Rutherford filed his initial *pro se* Request for Home Confinement (#99) on June 25, 2020. Analyzing Rutherford's motion as a motion for compassionate release, the court denied Rutherford's motion on the merits (#104). Because this is Rutherford's second motion for compassionate release, the court will consider it a motion for reconsideration. In the instant motion, Rutherford does not assert any novel legal arguments, present any new bases for relief, raise any substantial factual or legal issues warranting relief, show that he is receiving inadequate heath care at the federal correctional institution where he is housed, or demonstrate that he would not pose a risk to society, if released. Thus, Rutherford has not presented sufficient grounds for the court to reconsider its July 23, 2020, Memorandum and Order. Accordingly, Rutherford's Motion for Compassionate Release (#117) is denied.

II.     Leave to Appeal In Forma Pauperis

On September 4, 2020, the court denied Rutherford's Request for Factual Evidence Pursuant to Federal Rule of Civil Procedure 52(a)(5) (#106).  On September 15, 2020, he filed a notice of appeal, which is pending before the United States Court of Appeals for the Fifth Circuit, No. 20-40619.  On September 23, 2020, Rutherford filed his Motion for Leave to Appeal *In Forma Pauperis* ("IFP") (#111), which the court denied (#112).  In the instant motion, Rutherford again requests that the court allow him to appeal IFP.

Here, Rutherford does not present any new basis for relief.  As noted in the court's prior orders, Rutherford has not demonstrated that he is indigent.  As of August 3, 2020, Rutherford's financial data sheet shows a balance of $737.80, which is sufficient to pay the filing fee of $505.00.  Further, Rutherford does not present a nonfivolous issue for appeal.  Accordingly, Rutherford's Application to Proceed Without Prepayment of Fees (#113) is denied.

III.    Motion to Dismiss Indictment

In his Motion to Dismiss Indictment, Rutherford requests that the court

1. Order the disclosure of all Grand Jury material that pertains to [Rutherford];
2. Conduct, if necessary, an evidentiary hearing on whether and what circumstances false information was presented to the Grand Jury in connection with the indictment of [Rutherford]; and
3. To dismiss the indictment and reverse the conviction of [Rutherford].

Generally, a motion alleging a defect in an indictment must be filed pre-trial, "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." FED. R. CRIM. P. 12(b)(3).  If the motion challenges the court's jurisdiction, it "may be made at any time while the case is pending."  FED. R. CRIM. P. 12(b)(2).  Hence, a post-conviction motion to dismiss an indictment is "in essence, 'a meaningless, unauthorized motion'

which the district court [is] without jurisdiction to entertain." *United States v. Perez*, 611 F. App'x 210, 211 (5th Cir. 2015) (quoting *United States v. Early*, 27 F.3d 140, 142 (5th Cir.), *cert. denied*, 513 U.S. 1027 (1994)); *see United States v. Robinson*, 667 F. App'x 435 (5th Cir. 2016); *United States v. Lawson*, 83 F. App'x 619 (5th Cir. 2003); *United States v. Miles*, 48 F. App'x 104 (5th Cir. 2002). Here, Rutherford pleaded guilty on September 5, 2017, and was sentenced on May 9, 2018. His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on March 25, 2019. Therefore, the court lacks jurisdiction to consider Rutherford's motion.

Moreover, on May 10, 2019, Rutherford filed a motion to vacate, set aside, or correct judgment, pursuant to 28 U.S.C. § 2255, which is currently pending before this court as Case No. 4:19-CV-348. The Government filed a response to the motion on August 16, 2019. In his § 2255 action, Rutherford did not challenge the Indictment. To the extent Rutherford seeks to amend or supplement the pending motion in Case No. 4:17-CR-00041, he is limited by the provisions of Rule 15(a)(2) of the Federal Rules of Civil Procedure, which permits amendment at this juncture of the proceedings only with the opposing party's consent or by leave of court. *See* FED. R. CIV. P. 15(a)(2); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) ("It is well settled that Rule 15 applies to federal habeas proceedings.").

Rutherford's request for the disclosure of grand jury materials pursuant to Rule 6 is similarly defective. "Absent jurisdiction conferred by statute, district courts lack power to consider claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Accordingly, a defendant's motion must fall into one of "the recognized categories of post[-]conviction motions." *Id*. "[A] district court

3

has authority to correct a sentence under Federal Rule of Criminal Procedure 35 and to correct clerical mistakes in judgments and orders under Federal Rule of Criminal Procedure 36." *Id*. Rutherford's request under Rule 6 does not fall within any of the recognized categories of post-conviction motions. Thus, the court is without authority to grant Rutherford the relief he requests.

Having considered Rutherford's motions, the court now addresses his serial filing. The present motions are only the latest in a long line of repetitive and/or frivolous motions that Rutherford has filed in this court. In his criminal action, Rutherford has filed two motions for a sentence reduction pursuant to 18 U.S.C. § 3582 (##99, 117), a motion for factual evidence pursuant to Rule 52(a)(5) (#106), and three requests to appeal IFP (##109, 111, 113), all of which the court denied. In his habeas corpus action, Rutherford has filed a similar number of meritless motions, including three motions for release from confinement, two motions for summary judgment, two motions for leave to appeal IFP, and a motion demanding the recusal of the district court judge. Further, since his conviction was affirmed by the United States Court of Appeals for the Fifth Circuit, Rutherford has filed numerous appeals, which have involved multiple motions for leave to appeal IFP. *See* Case Nos. 19-40960, 20-40244, 20-40511, and 20-40619.

In the Fifth Circuit's dismissal of Rutherford's appeal of this court's denial of Rutherford's request for compassionate release, the court noted:

> Rutherford is warned that additional frivolous or repetitive filings in this court or the district court will result in monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.

*United States v. Rutherford*, 20-40511 (5th Cir. Oct. 28, 2020). Nevertheless, Rutherford has continued filing frivolous claims that are squandering precious resources of the judiciary and undermining the integrity of the justice system. Thus, Rutherford is barred from filing any future

4

*pro se* motions, affidavits, or requests for relief in this court without the advance written permission of a judge of this court. *See, e.g., In re Johnson*, 20-40328 (5th Cir. Oct. 20, 2020); *United States v. Andrade*, 134 F.3d 368 (5th Cir. 1997).

IV. Conclusion

Consistent with the foregoing analysis, Rutherford's Expedited Motion for Compassionate Release (#117), Application to Proceed Without Prepayment of Fees (#113), and Motion to Dismiss Indictment (#115) are DENIED. It is further ORDERED that Rutherford must seek leave of court before filing any future *pro se* motions. Any *pro se* filings made without leave of court will be rejected by the clerk and not considered by the court. The clerk of this court is directed to return to Rutherford, unfiled, any attempted submissions inconsistent with this bar.

SIGNED at Beaumont, Texas, this 15th day of December, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE